NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOISES ORTIZ-GARCIA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6782

Agency No. A204-289-991

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2025**
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HURWITZ and COLLINS, Circuit Judges.

Moises Ortiz-Garcia, a citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal of an order of an Immigration Judge ("IJ") denying his application for deferral of removal under the Convention Against Torture ("Torture Convention"). We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

To qualify for a deferral under the Torture Convention, Ortiz-Garcia must show "that it is more likely than not that (1) [he], in particular, would be (2) subject to harm amounting to torture (3) by or with the acquiescence of a public official, if removed" to his home country. *Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021); *see also Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (stating that "the petitioner must demonstrate that he would be subject to a *particularized threat* of torture") (simplified). Because protection under the Torture Convention "is based entirely on an objective basis of fear," a "speculative fear of torture is not sufficient to satisfy the applicant's burden." *Garcia*, 988 F.3d at 1148. Substantial evidence supports the agency's conclusion that Ortiz-Garcia had failed to carry his burden of proof under these standards.

Ortiz-Garcia presented no evidence of past torture, inasmuch as he came to the United States when was six years old and has not left the country since. *See Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005) (stating that "[p]ast torture is the first factor we consider in evaluating the likelihood of future torture"). Instead, Ortiz-Garcia argues that he faces a likelihood of future torture because, if returned to Mexico, he is likely to be targeted by the Zeta cartel. This is true,

2

Ortiz-Garcia argues, because (1) he believes that he came into contact with the cartel in 2019 in connection with an alien-smuggling crime he committed in the United States; and (2) he believes the cartel killed his cousin after his cousin returned to Mexico from the United States and rebuffed the cartel's recruitment efforts.

Ortiz-Garcia testified, however, that he was not sure whether he, in fact, interacted with any cartel members in connection with his 2019 crime. Moreover, even if the persons with whom he interacted during his alien smuggling were cartel members, Ortiz-Garcia admitted that he has "had no contact with them whatsoever" since 2019. And while Ortiz-Garcia suspects that his cousin was murdered by the Zeta cartel, Ortiz-Garcia did not know any details about his cousin's disappearance and failed to offer any evidence from other sources (such as his aunt) addressing the disappearance. Ortiz-Garcia further testified that his relatives, who reside in Mexico, have not been threatened or harmed by the cartel notwithstanding his cousin's alleged murder.

Although Ortiz-Garcia points to country conditions evidence indicating human rights violations in Mexico, such generalized evidence of violence alone does not compel the conclusion that Ortiz-Garcia faces an individualized risk of torture. *See*, *e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *Dhital*, 532 F.3d at 1051–52. On this record, substantial evidence supports the

agency's determination that Ortiz-Garcia failed to establish that he would likely face torture if returned to Mexico.

We reject Ortiz-Garcia's contention that the agency failed to consider the "relevant individualized evidence or country condition evidence." Both the IJ and the BIA specifically discussed Ortiz-Garcia's evidence concerning his claimed interaction with the Zeta cartel and the disappearance of his cousin. Although the IJ did not specifically discuss the country conditions evidence, the IJ's ruling stated that the IJ had considered all of the "marked exhibits," including the country conditions evidence, "even if not explicitly mentioned" in the decision. The BIA, in reviewing the IJ's decision, explicitly considered and discussed the country conditions evidence and concluded that it did not undermine the IJ's conclusions. Ortiz-Garcia has failed to establish that the agency "overlooked any important evidence." *Hernandez v. Garland*, 52 F.4th 757, 771 (9th Cir. 2022); *see also id*. at 770 (rejecting the view that the agency "must individually identify and discuss every piece of evidence in the record"). And contrary to what Ortiz-Garcia contends, the BIA did not engage in impermissible fact finding but instead properly reviewed the IJ's factual findings and ultimate conclusions under the appropriate standards.

**PETITION DENIED.**